UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JEFF MOREHEAD; and 2) KAYCEE MOREHEAD, | |
| Plaintiffs, | |
| vs. | Case No.   17-CV-197-RAW |
| 1) GREAT NORTHWEST INSURANCE COMPANY, | |
| Defendant. | |

**<u>NOTICE OF REMOVAL OF CIVIL ACTION</u>**

COMES NOW Defendant, Great Northwest Insurance Company, Petitioner herein, and removes this case from the District Court of Okfuskee County, State of Oklahoma to the United States District Court for the Eastern  District of Oklahoma on the following grounds:

1.       Petitioner, Great Northwest Insurance Company, is the Defendant in a civil action commenced on February 12, 2016, in the District Court of Okfuskee County, being Case No. CJ-2016-6, entitled *Jeff Morehead and Kaycee Morehead v. Great Northwest Insurance Company, a foreign for-Profit Insurance Corporation; Fair Insurance Agency, an Oklahoma business; and Meridian Claims Service LLC, an Oklahoma business*.

2.       This action is a civil lawsuit over which this Court has original jurisdiction under 28 U.S.C. §1332 and which the Defendant, Great Northwest Insurance Company, is entitled to remove to this Court, pursuant to 28 U.S.C. §1441, *et seq.*

3.       Plaintiffs' First Amended Petition stipulates the amount in controversy is in excess of $75,000 which exceeds the minimum jurisdictional limits for removal. (Exhibit 9)

4.      Plaintiffs, Jeff Morehead and Kaycee Morehead, were residents of Oklahoma at the time they filed their Petition.

5.      Defendant, Great Northwest Insurance Company, is a corporation organized under the laws of the State of Minnesota and has its principal place of business in Minnesota.

6.      Plaintiffs' original Petition was filed on February 12, 2016.  However, there was no activity in this case until the Court issued an Order granting Plaintiffs an additional sixty (60) days to obtain service on December 14, 2016.  **Great Northwest Insurance Company was formally served with this litigation on February 13, 2017, just outside of one year after commencement of this lawsuit.**

7.      Although Plaintiffs' First Amended Petition originally named forum-state Defendants, Meridian Claims Service LLC and Fair Insurance Agency, Plaintiffs filed a Dismissals without prejudice of their claims against Fair Insurance Agency and Meridian Claims Service LLC, respectively on March 3, 2017 and April 24, 2017.

8.      This Notice is timely filed with this Court within thirty (30) days after the dismissal of Meridian Claims Service, when this case became removable as all Plaintiffs were diverse to all Defendants.

9.      28 U.S.C. § 1446(c)(1) provides that "[a] case may not be removed under subsection (b)(3)... more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Congress added the bad faith exception in order to expressly grant "district court judges discretion to allow removal after the 1-year limit if they find that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

H.R. REP. 112-10, 15 (2011). Accordingly, this Court may in its discretion upon analysis of the facts preceding this Notice for Removal, except GNIC from the 1-year removal bar if the Court finds Plaintiffs acted in bad faith.

10.    In *Tedford v. Warner-Lambert Co.*, the Fifth Circuit stated that the 1-year statutory bar under § 1446(b) "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." 327 F.3d 423, 426 (5th Cir. 2003). The Fifth Circuit held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id*. at 428-29.

11.    When considering what constitutes "bad faith" under § 1446(c)(1), the Northern District of Oklahoma recognized that equitable exception presented in *Tedford* "is now codified in § 1446(c) as the bad faith exception." *Higgins v. Philadelphia Indemnity Ins. Co.*, 2016 WL 6304740 (N.D. Okla. 2016)(slip copy) *see also Aquayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1271 (D.N.M. 2014) (2011 amendment to § 1446 was clear attempt to codify *Tedford* exception).

12.    Defendants Fair Insurance Agency ("Fair Insurance") and Meridian Claims Service ("Meridian") were fraudulently joined in bad faith by the Plaintiffs in an effort to defeat diversity jurisdiction and limp their case through the State Court long enough to serve GNIC more than one year after filing their lawsuit. *See, e.g.*, *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder

is similarly fraudulent if in fact no cause of action exists.") (internal citation omitted); *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006) (denying motion to remand on the basis of fraudulent joinder where the plaintiff's claims against non-diverse insurance agent were time-barred and otherwise without merit).

13.    Upon allegations of fraudulent joinder "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available". "The joinder of a resident defendant against whom no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists". *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82 (10th Circ. 1964). In determining whether a party was fraudulently joined, "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant...[a] 'reasonable belief' means just that : the claim need not be a sure-thing, but it must have a basis in the alleged facts and applicable law." *Nerad v. AstraZeneca Pharms., Inc.*, 203 Fed. Appx. 911, 913 (10th Cir. 2006). Fraudulent joinder "does not reflect on the integrity of the plaintiff or counsel, but exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant". *WolfCreek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F.Supp.2d 1081 (D.Kan.2006).

14.    This case arose from the handling of Plaintiffs' insurance claim related to a house fire in July of 2014. Plaintiffs alleged three causes of action all related to the handling of the insurance claim: 1. Breach of Contract; 2. Breach of the implied duty of good faith

4

("Bad Faith"); and 3. Negligence- only as to Meridian). (Exhs. 2 & 9, Ptfs' Petition; Ptfs'
Amended Petition).

15.    At the time Plaintiffs commenced their lawsuit, the only defendant alleged to
have had a contractual relationship with Plaintiffs was their Insurer, GNIC. The is because
the only breached contract alleged by Plaintiffs in their Petition is the Homeowner's
Insurance Contract between Plaintiffs and GNIC. (Exhs. 2 & 9, Ptfs' Petition; Ptfs' Amended
Petition).

16.    Plaintiffs' claims against Meridian arose from Meridian's work as an
independent adjusting firm that was contracted by GNIC to assist in the handling of
Plaintiffs' insurance claim. (Exhs. 2 & 10, Ptfs' Petition ¶¶ 10, 11, 29; Meridian's Amended
Motion to Dismiss at p. 2).

17.    Plaintiffs' claims against Fair Insurance arose from Fair Insurance's work as
insurance agents contracted by GNIC to assist in Plaintiffs' homeowner's policy. (Exh. 2,
Ptfs' Petition at ¶¶ 9).

18.    Plaintiffs' claim for breach of contract against Meridian and Fair Insurance was
made in bad faith as Plaintiffs had no contractual relationship with Meridian or Fair
Insurance. Plaintiffs' allege that their lawsuit arises "as a result of homeowners' policy
between Great Northwest and Plaintiffs (sic) administered through and pursuant to Great
Northwest Micro-Insurance Company model in cooperation with Fair Insurance and
Meridian Claims." (Exh. 2, Ptfs' Petition at ¶ 15). Plaintiffs' Petition identifies the contract
as only being between GNIC and themselves as insurer and insured. Meridian and Fair
Insurance, although involved in the administration of the contract, are strangers to the

insurance contract. A breach of contract action cannot be brought against a party that was not privy to the contract. *See* Okla. Uniform Jury Instructions-Civil No. 23.1 (2d ed.).Pursuant to the motions filed by Meridian and the Fair Insurance Agency, Plaintiff had no cause of action against them as a matter of law, per the below.

19.     It is settled Oklahoma law that only the insurer owes a duty of good faith and fair dealing to the insured. *Trinity Baptist Church v. Brotherhood Mutual Insurance Services, LLC*, 341 P.3d 75, 79-80 (Okla. 2014)("it is clear that [a cause of action for breach of the duty of good faith and fair dealing] will not lie against a stranger to the contract. *Id*. at 80 (citing *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 913 (Okla. 1982)). For this reason, the claims for bad faith alleged against Meridian and Fair Insurance, who are both strangers to the insurance contract, are shams that are clearly barred under Oklahoma law.

20.     Plaintiffs' claim of negligence against Meridian is also not recognized under Oklahoma law, and was alleged in bad faith in order to defeat diversity jurisdiction. "The law in Oklahoma is in accord with the majority view that an independent insurance adjuster hired by an insurer does not owe a duty of care to the insured." *Trinity Baptist Church* at 84. "Even if harm to the insured through an adjuster's negligence might be foreseeable to the adjuster, from a policy standpoint it makes little sense to hold that the adjuster has an independent duty when the insurer itself is subject to liability for the adjuster's mishandling of claims in actions alleging breach of contract and bad faith." *Id*. at 86. Oklahoma law plainly holds Plaintiffs' negligence claim against Meridian is without merit, and was alleged in an attempt to defeat diversity jurisdiction.

21.     In addition to the sham claims alleged by Plaintiffs against non-diverse defendants, multiple facts show the Plaintiffs acted in bad faith to defeat diversity jurisdiction: (a) Plaintiffs waited until one year and one day after commencing their lawsuit before they served GNIC with a copy of their Summons and Petition; (b) Plaintiffs voluntarily dismissed the two Oklahoma Defendants more than one year after filing their lawsuit; (c) Plaintiffs took no actions to prosecute their case against any of the Oklahoma Defendants; and (d) instead of defending against a Motion to Dismiss filed by one of the Oklahoma Defendants, Plaintiffs dismissed their claims without prejudice. (Exh. 1, State Court Docket Sheet). At the time Plaintiff served GNIC, the other two defendants were still parties to the case and represented non-diverse entities, so GNIC could not remove the case at the time it was served.

22.     By fraudulently joining non-diverse defendants and then taking no actions in the litigation, Plaintiffs managed to "lay low" until the State District Court placed the case on a Disposition Docket. (Exh. 1, Disposition Docket).

23.     For reasons unknown to GNIC, neither of the non-diverse Defendants made an appearance at the disposition docket, and so Plaintiffs managed to obtain an order permitting extra time for service of GNIC. (Exh. 6, Disposition Order).

24.     Plaintiffs actions rise to the level of bad faith, which empowers this Court in its discretion to take equitable actions to except GNIC from the 1-year post-commencement rule under 28 U.S.C. § 1446(c)(1). GNIC is filing this removal within 30 days of the last non-diverse entity being dismissed, and less than 120 day from when it (GNIC) was served.

25.     A copy of the state court docket sheet is attached hereto as Exhibit 1.

26.     A file-stamped copy of the Petition is attached hereto as Exhibit 2 and is incorporated herein by reference.

27.     A file-stamped copy of the Summons issued to Great Northwest Insurance Company is attached hereto as Exhibit 3 and is incorporated herein by reference.

28.     A file-stamped copy of the Summons issued to Fair Insurance Agency is attached hereto as Exhibit 4 and is incorporated herein by reference.

29.     A file-stamped copy of the Summons issued to Meridian Claims Service LLC is attached hereto as Exhibit 5 and is incorporated herein by reference.

30.     A file-stamped copy of the Court Minute granting Plaintiff an additional 60 days to obtain service is attached hereto as Exhibit 6 and is incorporated herein by reference.

31.     A file-stamped copy of the Entry of Appearance of Sarah Timberlake and Keith Givens as counsel of record for Defendant Meridian Claims Service, LLC is attached hereto as Exhibit 7 and is incorporated herein by reference.

32.     A file-stamped copy of Defendant Meridian Claims Service, LLC's, Motion to Dismiss and Brief in Support is attached hereto as Exhibit 8 and is incorporated herein by reference.

33.     A file-stamped copy of the First Amended Petition is attached hereto as Exhibit 9 and is incorporated herein by reference.

34.     A file-stamped copy of Defendant Meridian Claims Service, LLC's, Amended Motion to Dismiss and Brief in Support is attached hereto as Exhibit 10 and is incorporated herein by reference.

35.     A file-stamped copy of Defendant Great Northwest Insurance Company's Reservation of Additional Time to Plead or Answer is attached hereto as Exhibit 11 and is incorporated herein by reference.

36.     A file-stamped copy of the Entry of Appearance of David B. Donchin and Kaci L. Trojan as counsel of record for Defendant Great Northwest Insurance Company is attached hereto as Exhibit 12 and is incorporated herein by reference.

37.     A file-stamped copy of Plaintiffs' Dismissal without prejudice of their claims against Fair Insurance Agency is attached hereto as Exhibit 13 and is incorporated herein by reference.

38.     A file-stamped copy of the Entry of Appearance of Keith Givens as counsel of record for Defendant Meridian Claims Service, LLC is attached hereto as Exhibit 14 and is incorporated herein by reference.

39.     A file-stamped copy of the Answer of Great Northwest Insurance Company is attached hereto as Exhibit 15 and is incorporated herein by reference.

40.     A file-stamped copy of the Court Minute striking the hearing on Defendant Meridian Claims Service, LLC's Amended Motion to Dismiss is attached hereto as Exhibit 16 and is incorporated herein by reference.

41.     A file-stamped copy of Plaintiffs' Notice of Correction of Contact Information is attached hereto as Exhibit 17 and is incorporated herein by reference.

42.     A file-stamped copy of Plaintiffs' Dismissal without prejudice of their claims against Meridian Claims Service LLC is attached hereto as Exhibit 18 and is incorporated herein by reference.

WHEREFORE, Petitioner, Great Northwest Insurance Company, prays that the above action now pending in the District Court of Okfuskee County, State of Oklahoma, being Case No. CJ-2016-6, be removed from that Court to this Court.

*s/David B. Donchin*
David B. Donchin, OBA #10783
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone:  (405) 235-9584
Facsimile:  (405) 235-0551
dlb@dlb.net
Attorney for Defendant

## CERTIFICATE OF SERVICE

☒I hereby certify that on May 24, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

S. Corey Stone, OBA #22729
Jim Cole Pettis, OBA #16967
Pettis & Stone
1111 N Kickapoo
Shawnee, OK 74801
Telephone: (405) 275-6984
Facsimile: (405) 395-4579
Attorneys for Plaintiffs

*s/David B. Donchin*
David B. Donchin