## IN AND FOR THE DISTRICT COURT OF OKFUSKEE COUNTY
## STATE OF OKLAHOMA

JEFF MOREHEAD and KAYCEE MOREHEAD,  )
)
     Plaintiffs,  )
)
v.  )
)
GREAT NORTHWEST INSURANCE COMPANY)  Case No. CJ-2016- 06
a foreign for-Profit Insurance Corporation;  )
FAIR INSURANCE AGENCY, an Oklahoma business,  )
MERIDIAN CLAIMS SERVICE LLC, an  )
Oklahoma business,  )
)
     Defendants.  )

**FILED**
IN DISTRICT COURT
OKFUSKEE COUNTY, OKLA.

FEB 1 2 2016

SHERRILL. FOREMAN, COURT CLERK
BY_____DEPUTY

### PETITION

The Plaintiffs, Jeff and Kaycee Morehead ("Plaintiffs" or "Moreheads"), for this Petition against the Defendants, Great Northwest Insurance Company ("Great Northwest"), Fair Insurance Agency ("Fair Insurance"), and Meridian Claims Service LLC ("Meridian Claims"), alleges and states:

### PARTIES

1.    At all pertinent times, Plaintiffs were citizens of the State of Oklahoma and residents of Okfuskee County, Oklahoma. The insured residential property was also located in Okfuskee County. The loss of said property occurred in Okfuskee County.

2.    Upon information and belief, Great Northwest Insurance Company is a foreign corporation headquartered in the State of Minnesota and organized under the laws of the State of Indiana. Nonetheless, all correspondence received by the Moreheads from Great Northwest indicates the business address of Great Northwest Insurance Company to be 3617 NW 58th Street, Suite 102,

EXHIBIT
2

Oklahoma City, Oklahoma. Plaintiffs assert that "Great Northwest Insurance Company" is not an entity listed with the Oklahoma Secretary of State.[1]

3.      Upon information and belief, Great Northwest is licensed to conduct business in the State of Oklahoma and issued a homeowners insurance policy to Plaintiffs insuring the home in which Plaintiffs resided at the time of a fire loss on or about July 1, 2014.

4.      Defendant Fair Insurance Agency is an Oklahoma business located in Oklahoma City which, at all times, acted in concert with Great Northwest during the claim process.

5.      Defendant Meridian Claims Service LLC is an Oklahoma business located in Yukon which, at all times, acted in concert with Great Northwest during the claim process.

6.      Great Northwest has held itself out as a micro-insurance company ("MIC") and uses the micro-insurance company model for its business, which has been explained by Great Northwest as follows:

> A MIC is an agency that has been given the authority and has accepted the responsibility to actively support the needs of their customers by performing 100% of the custom service functions at the site of their agency.
>
> *   *   *
>
> Each location is formed into a mutually supportive community of entrepreneurs. This community is made up of a MIC that is the main organizing and management unit. Additional community members are a local independent insurance adjustor, an auto repair shop, a glass repair shop, and a fire and smoke clean-up organization. As a MIC grows, there will be other members such as a local attorney and additional contractors.

---

[1] According to third-party financial reports, Great Northwest is an affiliate of Ocean Harbor Casualty Insurance Company. An entity named "Ocean Harbor Casualty Insurance Company" is listed with the Oklahoma Secretary of State as a domestic for-profit insurance corporation. Great Northwest is a subsidiary of "RM Ocean Harbor Holding, Inc.," also not listed with the Oklahoma Secretary of State.

2

All customer functions and interaction is handled by the MIC. Great Northwest operates a Quality Control Center (QCC) that provides the tools and support that empowers the local MIC's to operate effectively.

7.      Great Northwest, through its President and CEO, further claimed

As part of our company philosophy, we believe agents are more important than ever, particularly because of the many network technologies available today. Whereas other companies have centralized their operations, we have done the opposite. We see our role as supporting the local agents with our cutting edge technological resources so they can provide personal, quality service to policyholders at the site of the local agency, rather than at a more distant insurance company office.

8.      Great Northwest founder Stephen W. Doucette has admitted in interviews and to the press that he decided to set up Great Northwest to take advantage of this position of trust by having the independent insurance agent be the only contact with the client for virtually all aspects of the insurance transaction, while the company would be responsible for the "back office stuff." Under this philosophy, the independent agency becomes a Micro-Insurance Company responsible for underwriting, policy issuance and claims payment for small claims. An underwriting and claims manager (UCM), who is trained by Great Northwest, is appointed by the MIC and manages all underwriting and claims administration.

9.      Defendant Fair Insurance Agency filled the Micro-Insurance Company role through an agency relationship with Great Northwest.

10.     Defendant Meridian Claims filled the claims adjusting role within the Micro-Insurance Company model.

11.     Fair Insurance and Meridian Claims are agents of Great Northwest. As such, Fair Insurance and/or Meridian Claims perform all functions of an insurance company, including underwriting policies and handling/paying claims.

12.     Great Northwest, Fair Insurance, and Meridian Claims share an interest in reducing or eliminating loss on claims.

3

13.     Great Northwest and Fair Insurance have represented to insureds and potential insureds that, if they have a claim, the local agent will be their advocate during the claims process. Meridian Claims advertises that it tries to "establish an immediate rapport with the insured" during this process.

14.     Great Northwest and/or Fair Insurance compensate Meridian Claims for services in a manner contingent upon approval or denial of claims.

15.     This suit arises as a result of a homeowners' policy between Great Northwest and Plaintiff administered through and pursuant to the Great Northwest Micro-Insurance Company model in cooperation with Fair Insurance and Meridian Claims, to insure property located in this County and the acts or omissions of Great Northwest, Meridian Claims, and/or Fair Insurance Agency which occurred in this County.

16.     The Court has jurisdiction over the parties and the subject matter of this litigation.

17.     As this cause of action arose in Okfuskee County, venue is proper in this Court.

### FACTS

18.     At all times material hereto, Plaintiffs lived in a home located at 105043 N 3589 Road in Paden, Oklahoma.

19.     On or about July 1, 2014, Plaintiffs' home was damaged/destroyed as the result of a fire.

20.     At all times material hereto, Plaintiffs were insured under and maintained an insurable interest pursuant to the terms and conditions of a homeowners insurance policy, policy No. GNW35-0900000004-HO, issued by Great Northwest.

21.     At all time material hereto, Plaintiffs complied with the terms and conditions of the insurance policy issued by Great Northwest.

4

22.     At all times material hereto, Great Northwest was responsible for the acts and omissions of its captive agent, Fair Insurance.  Knowledge of Fair Insurance was imputed to Great Northwest.

23.     Fire is a covered peril, not otherwise excluded, pursuant to the terms and conditions of the policy issued by Great Northwest.

24.     Plaintiffs made a claim for loss under their homeowners insurance policy issued by Great Northwest.

25.     Fair Insurance, expressly acting as Great Northwest, made contact with Plaintiffs in July 2014.

26.     Defendants unreasonably refused to pay Plaintiff all benefits that she was entitled to recover under the terms of the Policy.

27.     On July 14, 2014, Great Northwest issued notice to Plaintiffs, through the Oklahoma City office of Fair Insurance, that the insurance policy would be cancelled.

28.     Never intending to fully pay on the policy, Great Northwest and Fair Insurance dragged Plaintiffs through an oppressive "investigation" of microscopic detail, knowingly costing Plaintiffs additional and unnecessary stress, anguish, money and time over the course of an additional six months during which Plaintiffs remained without their home.

29.     Meridian Claims failed to properly investigate and adjust the claim, causing further damage to Plaintiffs.

30.     In February 2015, Great Northwest formally declined to pay benefits under the insurance policy.

## FIRST CAUSE OF ACTION

### *Breach of Contract*

31.     Plaintiffs adopt and re-allege each of the statements and allegations made in the preceding paragraphs as if set forth fully herein.

32.     Plaintiffs' Property was damaged by a peril covered under the terms of the Policy.

33.     Plaintiffs properly submitted his claim for the fire damage to Defendants. Defendants have failed to pay all amounts due to Plaintiff under the provisions of the Policy.

34.     Defendants intentionally, unreasonably, and wrongfully investigated and adjusted the claim, and wrongfully denied payment for contents and real property which were due and owing Plaintiffs.

35.     The acts and omissions of Defendants in the investigation, evaluation and denial of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.

36.     As a result of Defendants' breach of contract, Plaintiff has sustained damages, including consequential damages.

37.     WHEREFORE, Plaintiff prays for judgment against Defendants by reason of their breach of contract in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) for the following:

    a.     Actual damages;
    b.     Consequential damages;
    c.     Punitive damages;
    d.     Interest;
    e.     Attorney fees;
    f.     Costs; and
    g.     Such other relief as the Court deems just and equitable.

6

## SECOND CAUSE OF ACTION

### *Bad Faith*

38.     Plaintiff adopts and re-alleges each of the statements and allegations made in the preceding paragraphs as if set forth fully herein.

39.     Defendants have a duty to deal fairly and in good faith with Plaintiff.

40.     Plaintiffs properly submitted a claim for the fire damage to Great Northwest.  Great Northwest intentionally, unreasonably and wrongfully investigated and adjusted the claim and wrongfully denied payment for contents and real property which were due and owing to Plaintiffs. Great Northwest's investigation was biased from the outset.

41.     Great Northwest prejudged Plaintiffs' claim and searched for reasons to deny it.

42.     Notably, Great Northwest's financial ratings had been downgraded in recent years.

43.     In addition, Great Northwest's reliance on exclusionary language in Plaintiffs' insurance policy was unreasonable and in bad faith.

44.     By withholding or delaying payment of contractual benefits without reasonable or justifiable basis, Defendants have violated the duty of good faith and fair dealing toward their insured.  Great Northwest's conduct constitutes bad faith for which extra-contractual damages are hereby sought.

45.     The conduct of Great Northwest was reckless and intentional and designed solely to deprive Plaintiffs of the insurance benefits to which he was entitled.  Great Northwest knew that its wrongful denial of Plaintiffs' claim would leave Plaintiffs homeless and in a precarious economic situation.  Accordingly, the actions of Great Northwest warrant the imposition of punitive damages, to punish Great Northwest and to deter others from like conduct.

46.     WHEREFORE, Plaintiff prays for judgment against Defendants by reason of their breach of contract in an amount in excess of Ten Thousand Dollars ($10,000.00) for the following:

a.     Actual damages;
b.     Consequential damages;
c.     Punitive damages;
d.     Interest;
e.     Attorney fees;
f.     Costs; and
g.     Such other relief as the Court deems just and equitable.

Further, the treatment of Plaintiffs and the handling of Plaintiffs' claim demonstrate that Defendants acted intentionally, and with malice, or recklessly disregarded the rights of Plaintiffs and breached its duty to deal fairly and in good faith. Plaintiffs, therefore, seek punitive damages pursuant to 23 O.S. § 9.1 in an amount in excess of seventy-five thousand dollars ($75,000).

### THIRD CAUSE OF ACTION

#### *Negligence*

47.     In the unlikely event it is determined that Great Northwest is not responsible for paying this loss, Meridian Claims is liable based on his own negligence.

48.     The failure of Meridian Claims to properly investigate and adjust this claim led to improper denial of the claim.

49.     Meridian Claims had a duty to properly investigate and adjust this claim.

50.     As a result of the negligence of Meridian Claims, described above, Plaintiffs suffered injuries and damages.

51.     WHEREFORE, the Plaintiffs pray for judgment against the Defendant Meridian Claims for an amount in excess of $75,000, together with costs, including attorney's fees, and any other relief this Court deems just and reasonable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendants for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorneys fees, and other relief which this Court deems just and reasonable.

Respectfully submitted,

S. Corey Stone, OBA No. 22729
Jim Cole Pettis, OBA No. 16967
PETTIS & STONE
1111 North Kickapoo
Shawnee, Oklahoma 74801
Telephone:    405-275-9487
Facsimile:    405-395-4579
ATTORNEYS FOR PLAINTIFFS


**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**